THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELWOOD WILLIAMS, Appellant.— Appeal dismissed on call of calendar, no record or brief having been filed and there being no appearance for the appellant. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.

NATHAN ROTH, Respondent, v. LEO MITTELDORF and LENA MITTELDORF, Appellants.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. We are of opinion that the verdict is against the weight of the credible evidence. To recover in this action under the law of the case, it was necessary for the plaintiff to prove that defendant Leo Mitteldorf directed him to do the precise thing which resulted in his injuries, that is, to use the extension ladder of the fire escape which was suspended between the second and third floors on the fire escape structure and intended for use only when lowered to the ground, thus extending and completing the fire escape to the ground. Plaintiff testified that he was told to " go up on the fire escape ladder," which perhaps may be construed as a sufficient specific direction to use the extension ladder. However, he further testified that he was told to take the stepladder " and go up on the fire escape and loosen the hook and to send down the fire escape ladder and I should climb around." Had he followed the directions to which he last testified, he would have gone to the extension roof immediately beneath the fire escape, on which he had worked the previous day, and from there reached a position on the fire escape to lower the extension ladder without using the extension ladder for the purpose of mounting the fire escape. Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ., concur.

EDWARD SAYEGH, Stockholder in MARTEL MOTORS, INC., on Behalf of Himself and Other Stockholders Similarly Situated, and on Behalf of Said MARTEL MOTORS, INC., Respondent, v. CHARLES L. MARTEL and MARTEL MOTORS, INC., a Domestic Corporation, Appellants.— In an action, in form a derivative stockholders' action brought by plaintiff as a stockholder on behalf of himself and other stockholders, similarly situated, of defendant Martel Motors, Inc., to recover damages and property belonging to the said corporation, which property is claimed to have been or is about to be dissipated by defendant Martel, an officer, the order striking out the defense consisting of new matter contained in the defendants' amended answer is reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The defense consisting of new matter contained in the defendants' amended answer is sufficient in law. The order adjudging defendant Martel in contempt is reversed on the law, without costs, and the matter remitted to the Special Term to take proof; and if said defendant be adjudged in contempt, to ascertain the extent of the damages caused by the contemptuous conduct. It was improper to determine the disputed questions of fact upon affidavits. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.